■ In the Matter of GERALD D., Respondent, v LUCILLE S., Appellant, and GLORIA A., Respondent-Respondent.—In a proceeding pursuant to Family Court Act article 6 seeking custody of a child, Lucille S., the maternal grandmother, appeals from an order of the Family Court, Queens County (Fitzmaurice, J.), dated August 27, 1992, which permitted the petitioner to withdraw his petition for custody without prejudice to renewal, granted him unsupervised visitation, and made no specific order for custody of the child.

Ordered that the appeal from the provision of the order which pertained to the issue of custody is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The maternal grandmother contends, *inter alia,* that the Family Court erred by allowing the petitioner father to withdraw his petition for custody without prejudice to renewal without allowing her an opportunity to present evidence in support of her cross motion for custody. She also contends that the Family Court erred in not granting her custody of the child. However, both of these issues are now academic since the Family Court issued an order dated September 16, 1992, granting custody to the appellant grandmother.

The appellant also contends that the Family Court erred in granting the petitioner father unsupervised visitation with his son. However, visitation is a joint right of a noncustodial parent and the child *(see, Weiss v Weiss,* 52 NY2d 170, 175), and the best interests of the child lies in his being nurtured and guided by both parents *(Daghir v Daghir,* 82 AD2d 191, 193, *affd* 56 NY2d 938).* In order to develop a meaningful, nurturing relationship with his son, visitation by the noncustodial parent should be frequent and regular *(Daghir v Daghir, supra; Weiss v Weiss, supra).* We agree with the Family Court that there is no indication that unsupervised visitation by the natural father poses any risk to the child, or that such

visitation is against the best interests of the child. Balletta, J. P., Eiber, O'Brien and Santucci, JJ., concur.