■ WAYNE S. GROH, Appellant-Respondent, v JILL D. GROH, Respondent-Appellant. [669 NYS2d 610] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from

(1) so much of an order of the Supreme Court, Westchester County (Barone, J.), entered March 4, 1997, as directed him to pay the defendant wife $224.75 per week in child support, effective May 16, 1996, and (2) an order of the same court, entered June 27, 1997, which, upon reargument, granted that branch of the defendant wife's motion which was to establish June 15, 1992, as the effective date of the retroactive child support, and the defendant wife cross-appeals, as limited by her brief, from so much of (1) the order entered March 4, 1997, as designated May 16, 1996, as the effective date for the plaintiff to pay retroactive child support, and directed that retroactive support arrears be liquidated at the rate of $500 per month, and (2), the order entered June 27, 1997, as, upon reargument and renewal, denied those branches of her motion which were to direct the plaintiff to pay retroactive child support in one lump sum and to contribute to the summer camp and religious education expenses of the parties' child.

Ordered that the appeal and cross appeal from the order entered March 4, 1997, are dismissed, as that order was superseded by the order entered June 27, 1997, made upon reargument; and it is further,

Ordered that the order entered June 27, 1997, is modified, on the law, by deleting the provision thereof awarding the defendant wife $224.75 per week in child support; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of child support in accordance herewith; and it is further,

Ordered that the plaintiff husband shall pay to the defendant wife child support in the amount of $100 per week until the Supreme Court has made a new determination.

The Supreme Court failed to calculate the "combined parental income" of the parties, in accordance with Domestic Relations Law § 240, and made no specific findings regarding the actual or imputed income of the defendant wife. Moreover, although it is undisputed that the combined parental income exceeds $80,000, the court did not address how to calculate the combined parental income. While the statute explicitly vests discretion in the court to apply the stated percentage to income over $80,000, rather than apply the factors set forth in Domestic Relations Law § 240 (1-b) (f), there must be some "record articulation of the reasons for the court's choice * * * to facilitate * * * review" (*Matter of Cassano v Cassano*, 85 NY2d 649, 655).

Consequently, we remit the matter to the Supreme Court so that it may do the proper calculations and arrive at an award of child support, supported by both parties' updated financial information. We further find it appropriate to remit the matter to enable the Supreme Court to articulate its reasons with regard to calculations involving any income over $80,000 (*see, Matter of Cassano v Cassano,* 85 NY2d 659, *supra; Kimmel v Mifflin,* 240 AD2d 471; *Junkins v Junkins,* 238 AD2d 480; *Zaremba v Zaremba,* 222 AD2d 500).

The wife's remaining contentions are without merit. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.