■ In the Matter of VALERIE GRAVES, Respondent, v JAHA SMITH, Appellant. [696 NYS2d 181] —In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Pearce, J.), dated December 2, 1997, which, after a fact-finding hearing, modified the visitation schedule set forth in a prior order of the same court, dated March 2, 1993, to provide that visitation is to take place only under the supervision of a duly-certified mental health professional or his or her designee until the father obtains therapy, and until his therapist and the child's therapist agree on unsupervised contacts.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the visitation schedule contained in the order dated March 2, 1993, is reinstated.

We agree with the father that the Family Court erred in conditioning unsupervised visits upon the father obtaining therapy. While the Family Court may order a parent or child to be examined by a psychiatrist and may consider the report before arriving at its judgment as to custody and/or visitation rights, the court has no power to compel a party to undergo therapy before considering awarding visitation to the party (see, Matter of Paris v Paris, 95 AD2d 857; Matter of Grado v Grado, 44 AD2d 854).

To be meaningful, visitation must be frequent and regular

(*Weiss v Weiss,* 52 NY2d 170, 175; *Daghir v Daghir,* 82 AD2d 191, *affd* 36 NY2d 938). Here, there was an insufficient showing that unsupervised visitation would be detrimental to the child's well-being (*see, Matter of Nancy M. v Brian M.,* 227 AD2d 404; *Matter of Gerald D. v Lucille S.,* 188 AD2d 650). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.