■ VINCENT J. NICOSIA, Appellant, v MICHELE A. RIOS-NICOSIA, Respondent. [755 NYS2d 863] —In a matrimonial action in which the parties were divorced by judgment entered May 14, 1997, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Dillon, J.), entered December 21, 2001, as directed him to pay the defendant $1,133.33 per month in child support, effective October 1, 2001, $11,500 in retroactive child support, and $13,005.62 in counsel fees.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof awarding the defendant $1,133.33 per month in child support and $11,500 in retroactive child support; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of child support in accordance herewith; and it is further,

Ordered that the plaintiff shall pay to the defendant child support in the amount of $300 per month pending the new determination.

Contrary to the plaintiff's contention, the Supreme Court properly imputed to him income of $80,000 a year (*see Bittner v Bittner,* 296 AD2d 516, 517 [2002]; *Matter of Zhigina v Adzhiashvili,* 292 AD2d 625 [2002]; *Kalish v Kalish,* 289 AD2d 202, 203 [2001]; *Zabezhanskaya v Dinhofer,* 274 AD2d 476, 477 [2000]), and sufficiently set forth the reasons for its determination (*cf. Tri-State Sol-Aire Corp. v United States Fid. & Guar. Co.,* 198 AD2d 494, 496 [1993]). However, the Supreme Court failed to calculate the "combined parental income" of the parties, in accordance with Domestic Relations Law § 240, and made no specific findings regarding the actual or imputed

income of the defendant. Consequently, the matter is remitted to the Supreme Court, Westchester County, to calculate child support based on both parties' updated financial information (*cf. Matter of Cassano v Cassano,* 85 NY2d 649, 655 [1995]; *Groh v Groh,* 248 AD2d 354, 356 [1998]).

The Supreme Court providently exercised its discretion in awarding $13,005.62 in counsel fees to the defendant (*see* Domestic Relations Law § 237 [b]). Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.