In the Matter of JUAN GAINZA, Appellant, v LILLIAN GAINZA, Respondent. [808 NYS2d 296]—

In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (DePhillips, J.), dated January 11, 2005, as, after a fact-finding hearing, denied that branch of his petition which was to modify a prior order of the same court dated June 2, 2003, limiting him to only supervised visitation with the subject child.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the petition which was to modify the June 2, 2003, order limiting the father to only supervised visitation with the subject child and substituting therefor a provision granting that branch of the petition to the extent of modifying the June 2, 2003, order by directing that the father's visitation be exercised only in the presence of a female chaperone; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child (*see Purcell v Purcell*, 5 AD3d 752, 753 [2004]; *Matter of Graves v Smith*, 264 AD2d 844, 845 [1999]). Here, the Family Court required that the father's visitation with his daughter be supervised on the basis of the forensic evaluator's concern that, in light of the child's medical condition, the father,

if alone with her, would be unable to attend appropriately to her personal hygiene needs. Although there was a basis in the record for the evaluator's concern, any detriment to the child in that regard can be addressed by directing that visitation be exercised only in the presence of a female chaperone. Thus, there was no basis for the requirement that visitation be supervised. Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur.