■ ALBERT R. SCHNEIDER, Respondent, v KRISTEN M. SCHNEIDER, Appellant. [836 NYS2d 301]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Bivona, J.), entered June 27, 2006, as, after a nonjury trial, awarded sole custody of the subject child to the plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The essential consideration in making an award of custody is the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]; *Matter of Canazon v Canazon*, 215 AD2d 652 [1995]; *Alanna M. v Duncan M.*, 204 AD2d 409 [1994]). A custody determination after a trial is largely based upon an assessment of the parties' credibility with reference to their character, temperament, and sincerity, and should not be set aside unless lacking sound and substantial support in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Allain v Allain*, 35 AD3d 513 [2006]; *Matter of Perez v Montanez*, 31 AD3d 565 [2006]).

The Supreme Court properly considered numerous factors in awarding custody of the subject child to the plaintiff, including a finding that the defendant had interfered with visitation, which was not in the child's best interests (*see Cuccurullo v*

*Cuccurullo,* 21 AD3d 983 [2005]; *Matter of Greene v Gordon,* 7 AD3d 528 [2004]; *Matter of Plaza v Plaza,* 305 AD2d 607 [2003]; *Young v Young,* 212 AD2d 114, 119 [1995]).

Sitting as trier of fact, the court had the opportunity to view the demeanor of the witnesses and was in the best position to gauge their credibility (*see Koeth v Koeth,* 309 AD2d 786 [2003]). We see no basis to disturb the court's resolution of issues of credibility (*see Lieberman v Lieberman,* 21 AD3d 1004, 1005 [2005]; *Matter of Sosa v Sosa,* 13 AD3d 638 [2004]).

The defendant's remaining contentions are without merit. Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.