■ In the Matter of PERNETHA G. OATES, Appellant, v HERMAN D. WILSON, Respondent. [848 NYS2d 704]—In a child custody proceeding pursuant to Family Court Act article 6, the mother

appeals from an order of the Family Court, Dutchess County (Amodeo, J.), entered March 3, 2006, which, after a hearing, awarded sole custody of the subject child to the father.

Ordered that the order is affirmed, without costs or disbursements.

The essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]; *Miller v Pipia*, 297 AD2d 362, 364 [2002]). A custody determination is largely based upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (*see Schneider v Schneider*, 40 AD3d 956 [2007]; *Matter of Brian S. v Stephanie P.*, 34 AD3d 685, 686 [2006]). Thus, "[w]here a hearing court has conducted a complete evidentiary hearing, its finding must be accorded great weight, and its grant of custody will not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Brian S. v Stephanie P.*, 34 AD3d at 686; *see Miller v Pipia*, 297 AD2d at 364; *Young v Young*, 212 AD2d 114, 117 [1995]).

Here, the Family Court properly considered numerous factors in making its custody determination. The Family Court's determination that the best interests of the subject child would be served by awarding sole custody to the father was supported by a sound and substantial basis in the record and should not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 174; *Matter of Timosa v Chase*, 21 AD3d 1115 [2005]). Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.