■ In the Matter of TAREL LAWRENCE, Respondent, v MICH-ELLE DAVIDSON, Appellant. (Proceeding No. 1.) In the Matter of MICHELLE DAVIDSON, Appellant, v TAREL LAWRENCE, Respondent. (Proceeding No. 2.) [971 NYS2d 62]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Rockland County (Richardson-Mendelson, Ct. Atty. Ref.), entered July 16, 2012, as, after a hearing, awarded the parties joint legal custody of the subject child.

Ordered that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, and the mother is awarded sole legal custody of the subject child.

Joint custody is appropriate between "relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]). However, joint custody is inappropriate "where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (*Matter of Laura A.K. v Timothy M.*, 204 AD2d 325, 326 [1994]). Here, the record demonstrates that the parties' relationship is so acrimonious that they will be unable to cooperate on decisions regarding the subject child. Both parties even testified that they are unable to make joint

decisions. The record supports a finding that an award of sole legal custody to the mother is in the child's best interests (see *Matter of Wright v Kaura*, 106 AD3d 751 [2013]). Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.