In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of an order of *914 the Supreme Court, Queens County (Jackman-Brown, J.), dated May 21, 2013, which, after a nonjury trial, inter alia, directed that the parties have joint legal custody of their child, directed that the parties have joint decision-making authority with respect to the child, directed the defendant to pay child support in the sum of only $25 per month, and directed the equitable distribution of marital assets.
Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing that the parties have joint legal custody of their child, and substituting therefor a provision directing that the plaintiff have sole legal custody of the child, (2) by deleting the provision thereof directing that the parties have joint decision-making authority with respect to the child, (3) by deleting the provision thereof directing the equitable distribution of marital assets, and (4) by deleting the provision thereof directing the defendant to pay child support in the sum of only $25 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issues of equitable distribution and child support, and thereafter for a new determination of those issues.
Joint custody is appropriate between “relatively stable, amicable parents behaving in mature civilized fashion” (Braiman v Braiman, 44 NY2d 584, 589-590 [1978]; see Matter of Lawrence v Davidson, 109 AD3d 826 [2013]). Here, however, given the nature of the parties’ relationship and their inability to put aside their differences for the good of the child, joint legal custody could only “enhance familial chaos” (Braiman v Braiman, 44 NY2d at 590). Contrary to the Supreme Court’s determination, under the circumstances of this case, an award of sole legal custody to the plaintiff is in the best interests of the child (see Matter of Lawrence v Davidson, 109 AD3d at 827; Matter of Wright v Kaura, 106 AD3d 751, 752 [2013]; Elimelech v Elimelech, 58 AD3d 672, 673 [2009]). We note, however, that the provision of the order providing that each parent shall have full and unimpeded access to the child’s school and medical information, as well as contact with teachers, caregivers, and providers, and treating physicians and therapists, shall remain in effect.
Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child (see Matter of Bullinger v Costa, 63 AD3d 735, 735-736 [2009]; Cervera v Bressler, 50 AD3d 837, 839 [2008]; Rosenberg v Rosenberg, 44 AD3d 1022, 1024 [2007]). The determina *915 tion of whether visitation should be supervised is a matter left to the trial court’s sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see Matter of Gooler v Gooler, 107 AD3d 712 [2013]; Cervera v Bressler, 50 AD3d at 839). Here, contrary to the plaintiffs contention, the Supreme Court’s determination that unsupervised visitation with the defendant would not be detrimental to the child was supported by a sound and substantial basis in the record and, thus, will not be disturbed.
The distribution of marital property is generally left to the sound discretion of the trial court (see Domestic Relations Law § 236 [B] [5] [e]; McLoughlin v McLoughlin, 74 AD3d 911, 914 [2010]). “Pursuant to Domestic Relations Law § 236 (B) (5) (c), a court is required to consider the circumstances of the case and of the respective parties and to equitably distribute the marital property” (McLoughlin v McLoughlin, 74 AD3d at 914). “Furthermore, Domestic Relations Law § 236 (B) (5) (d) sets forth certain factors which the court ‘shall consider’ ” (id.). “ ‘In fashioning an award of equitable distribution, the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital property’ ” (Morille-Hinds v Hinds, 87 AD3d 526, 527 [2011], quoting Spera v Spera, 71 AD3d 661, 662 [2010]). Here, the Supreme Court failed to set forth the factors it considered in deciding to equally distribute the parties’ property (see id. at 527; Payne v Payne, 4 AD3d 512, 513-514 [2004]).
Similarly, as to child support, the Supreme Court failed to calculate the “combined parental income” of the parties, in accordance with Domestic Relations Law § 240, and, indeed, made no specific findings regarding the actual or imputed income of the parties (see Nicosia v Rios-Nicosia, 303 AD2d 390 [2003]).
Under the particular circumstances here, we deem it appropriate to remit the matter to the Supreme Court, Queens County, for a hearing and a new determination of the issues of equitable distribution and child support.
The plaintiffs remaining contention is without merit.
Skelos, J.E, Dickerson, Leventhal and Hall, JJ., concur.