■ In the Matter of MICHAEL CHICHILNITSKIY, Petitioner, v TATYANA FAIMAN, Respondent. (Proceeding No. 1.) In the Matter of TATYANA FAIMAN, Respondent, v MICHAEL CHICHILNITSKIY, Appellant. (Proceeding No. 2.) [989 NYS2d 617]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Ramirez, J.), dated February 11, 2013, which, after a hearing, denied his petition for joint custody of the parties' child and granted the mother's petition for sole legal and physical custody of the parties' child.

Ordered that the order is affirmed, with costs.

The parties, who were never married to each other, are the parents of a son, born November 29, 2007. The parties lived together at the time the child was born, but approximately six months later, the parties separated and the mother and child left the shared residence. In January 2010, the father filed a petition for joint custody and the mother filed a petition seeking sole custody of the child. After a hearing, the Family Court, inter alia, granted the mother's petition for sole legal and physical custody, and denied the father's petition for joint custody. The father appeals.

"In making an initial custody determination, the court must consider what arrangement is in the best interest of the children under the totality of the circumstances" (*Matter of Thorpe v Homoet*, 116 AD3d 962, 962 [2014]). The essential consider-

ation in making an award of custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Since custody determinations depend to a great extent upon an assessment of the character, credibility, temperament, and sincerity of the parties and witnesses, deference is accorded to the court's findings and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Harris v Harris*, 112 AD3d 887 [2013]; *Matter of Shannon J. v Aaron P.*, 111 AD3d 829 [2013]; *see also Eschbach v Eschbach*, 56 NY2d at 174). Joint custody is appropriate between "relatively stable, amicable parents behaving in mature civilized fashion" (*Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *see Irizarry v Irizarry*, 115 AD3d 913 [2014]; *Matter of Lawrence v Davidson*, 109 AD3d 826 [2013]).

Here, contrary to the father's contention, there was a sound and substantial basis in the record to support the Family Court's determination that it was in the best interest of the parties' child to award sole custody to the mother, with the father retaining significant visitation rights (*see Irizarry v Irizarry*, 115 AD3d at 914; *Matter of Clarke v Wilson*, 110 AD3d 995, 995 [2013]; *Matter of Wallace v Roberts*, 105 AD3d 1053, 1053 [2013]). Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.