In the Matter of JOSEPH SARAVIA, Appellant, v TERESA GODZIEBA, Respondent. [991 NYS2d 476]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Orlando, Ct. Atty. Ref.), dated July 10, 2013, which granted the mother's cross petition for sole custody of the subject child and awarded him only certain visitation, and, in effect, denied his petition for sole custody of the subject child.

Ordered that the order is modified, on the facts and in the exercise of discretion, by adding a provision thereto directing that when one parent is working, that parent, prior to making babysitting arrangements with a nonparent, shall first afford the other parent the opportunity to care for the subject child during such work period; as so modified, the order is affirmed, without costs or disbursements.

The mother and the father, who were never married, are the parents of a son who is almost three years of age, having been born in September 2011. After the birth of the subject child, the parties resided together for approximately six months until the mother, with the child, moved out. In June 2012, the father filed a petition for sole legal and physical custody of the child, and the mother cross-petitioned for sole legal and physical custody of the child. After a hearing at which the parties and one other witness testified, the Family Court awarded the mother sole legal and physical custody of the child, with visitation to the father. The father appeals.

In making an initial custody determination, the court must consider what arrangement is in the best interests of the child under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Kramer v Griffith*, 119 AD3d

655 [2014]). "Where, as here, the court has conducted a complete evidentiary hearing on the issues of custody and visitation, its findings must be accorded great weight, and its custody and visitation determination will not be disturbed unless it lacks a sound and substantial basis in the record" (*Iacono v Iacono*, 117 AD3d 988, 988 [2014]). Here, there is a sound and substantial basis in the record to support the Family Court's determination that it was in the best interests of the child to award sole custody to the mother, with visitation to the father (*see Matter of Chichilnitskiy v Faiman*, 119 AD3d 681 [2014]; *Iacono v Iacono*, 117 AD3d at 988-989; *Matter of Ramirez v Velez*, 78 AD3d 1062 [2010]). The evidence at the hearing established that both parents love the child, are gainfully employed, maintain their own homes, and can adequately provide for the child's overall development. However, the Family Court, having the benefit of observing and listening to the witnesses, including the testimony of both parties, found that the mother was better suited to place the child's interests ahead of her own and to foster the child's relationship with the other parent. Accordingly, the Family Court's determination awarding custody to the mother will not be disturbed (*see Matter of Felty v Felty*, 108 AD3d 705 [2013]). In addition, the visitation schedule set by the Family Court provides the father with reasonable visitation privileges (*see Matter of Grunwald v Grunwald*, 108 AD3d 537, 539 [2013]). Nonetheless, we find that under the circumstances of this case, where both parties have different work schedules and have expressed a desire to care for the child during the periods when the other parent is working, it would be in the best interests of the child for each parent, prior to arranging for a nonparent to babysit the child during a work period, to first afford the other parent the opportunity to care for the child during that time.

Contrary to the father's contention on appeal, an award of joint custody or equal parenting time would not have been in the child's best interests, as the parties were sometimes antagonistic toward each other and demonstrated an inability to cooperate on certain important matters concerning the child (*see Braiman v Braiman*, 44 NY2d 584, 590 [1978]; *Matter of Lawrence v Davidson*, 109 AD3d 826 [2013]).

The father's remaining contentions are without merit. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.