■ In the Matter of ELIZABETH DOLAN, Respondent, v MATTHEW MASTERTON, Appellant. [995 NYS2d 122]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so

much of an order of the Family Court, Suffolk County (Rouse, J.), dated March 13, 2013, as, after a hearing, denied his petition for an award of sole custody of the subject child, granted the mother's separate petition for an award of sole custody of the subject child, and conditioned the father's future unsupervised visitation with the subject child upon his submission to the court of evidence of "medical clearance" and upon his continued submission of "medical clearance" evidence to the court on an annual basis.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof conditioning the father's future unsupervised visitation with the subject child upon his submission to the Family Court of evidence of "medical clearance" and upon his continued submission of "medical clearance" evidence to the court on an annual basis; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Harry v Harry*, 92 AD3d 883, 884 [2012]). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Harry v Harry*, 92 AD3d at 884; *Matter of Otero v Nieves*, 77 AD3d 756, 756-757 [2010]). Here, the Family Court's determination that the child's best interests would be served by awarding sole custody to the mother had a sound and substantial basis in the record, and will not be disturbed (*see Matter of Gooler v Gooler*, 107 AD3d 712, 713 [2013]; *Matter of Harry v Harry*, 92 AD3d at 884; *Matter of Peoples v Bideau*, 85 AD3d 798 [2011]).

"Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (*Irizarry v Irizarry*, 115 AD3d 913, 914 [2014]; *see Matter of Bullinger v Costa*, 63 AD3d 735, 735-736 [2009]; *Cervera v Bressler*, 50 AD3d 837, 839 [2008]; *Matter of Gainza v Gainza*, 24 AD3d 551, 551 [2005]). "The determination of whether visitation should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (*Irizarry v Irizarry*, 115 AD3d at 914-915;

*see Matter of Gooler v Gooler*, 107 AD3d at 713; *Cervera v Bressler*, 50 AD3d at 839).

Here, the Family Court conditioned the father's future unsupervised visitation with the child on his submission of evidence of "medical clearance" and upon his continued submission of "medical clearance" evidence on an annual basis. Specifically, the father had to submit a statement of a physician or nurse practitioner either: (1) confirming that the father had not experienced a loss of consciousness due to his diabetes or other medical condition in the previous 12-month period; or, (2) if the father had experienced a loss of consciousness in the previous 12-month period, confirming (a) that such loss of consciousness was due solely to a change in medication directed by a physician or nurse practitioner, or (b), that the physician or nurse practitioner was aware of such incident or incidents and nonetheless recommended that the father was fit to drive a car and care for the child without supervision, and opining that the father's condition would not interfere with his safe operation of a car or his safe care of the child. Once the father obtained his first "medical clearance," the father thereafter was obligated to annually provide such a statement of "continued medical clearance," or else all visitation was to revert to supervised visitation "until such proof of medical clearance is provided."

Although evidence showed that the father, a diagnosed diabetic, had an unhealthy blood sugar level on several occasions resulting in, inter alia, profuse sweating and disorientation, there was no evidence that he had such blood sugar episodes in the year preceding the hearing, or that the child was endangered or detrimentally affected when the father had an unhealthy blood sugar level. On this record, it was not established that unsupervised visitation would be detrimental to the child. Accordingly, we modify the order appealed from by deleting the provisions thereof conditioning the father's future unsupervised visitation with the child on his submission of "medical clearance" evidence to the Family Court and his continued submission of "medical clearance" evidence to the court on an annual basis. Dillon, J.P., Hall, Austin and Barros, JJ., concur.