■ In the Matter of ANTHONY M. P., Respondent, v TA-MIRRA
J.H., Respondent. ADMINISTRATION FOR CHILDREN'S SERVICES,
Nonparty Appellant. [4 NYS3d 117]—

Appeal from an order of visitation of the Family Court, Kings
County (Ann E. O'Shea, J.), dated May 27, 2014. The order
awarded the father limited unsupervised visitation with the
subject child and imposed certain conditions upon those visits.

Ordered that the order is affirmed, without costs or disburse-
ments.

"When adjudicating visitation rights, the court's first concern
is the welfare and interests of the child" (*Matter of Zwillman v
Kull*, 90 AD3d 774, 775 [2011]). "Visitation is a joint right of
the noncustodial parent and the child" (*id.* at 775; *see Weiss v
Weiss*, 52 NY2d 170, 175 [1981]; *Matter of Aguirre v Romano*,
73 AD3d 912, 914 [2010]; *Pollack v Pollack*, 56 AD3d 637, 638
[2008]; *Cervera v Bressler*, 50 AD3d 837, 839 [2008]). "The best
interests of the child lie in being nurtured and guided by both
parents" (*Matter of Zwillman v Kull*, 90 AD3d at 775). "In or-
der for the noncustodial parent to develop a meaningful,
nurturing relationship with the child, visitation must be
frequent and regular" (*id.*; *see Matter of Rodriguez v Silva*, 121
AD3d 794, 795 [2014]; *Pollack v Pollack*, 56 AD3d at 638;
*Twersky v Twersky*, 103 AD2d 775, 775-776 [1984]). " 'Super-
vised visitation is appropriately required only where it is
established that unsupervised visitation would be detrimental
to the child' " (*Matter of Dolan v Masterton*, 121 AD3d 979, 980
[2014], quoting *Irizarry v Irizarry*, 115 AD3d 913, 914 [2014];
*see Matter of Bullinger v Costa*, 63 AD3d 735, 735-736 [2009];
*Cervera v Bressler*, 50 AD3d 837, 839 [2008]; *Matter of Gainza
v Gainza*, 24 AD3d 551, 551 [2005]). " 'The determination of
whether visitation should be supervised is a matter left to the
trial court's sound discretion, and its findings will not be
disturbed on appeal unless they lack a sound and substantial
basis in the record' " (*Matter of Dolan v Masterton*, 121 AD3d
at 980, quoting *Irizarry v Irizarry*, 115 AD3d at 914-915; *see
Matter of Gooler v Gooler*, 107 AD3d 712, 713 [2013]; *Cervera v
Bressler*, 50 AD3d at 839).

Here, the Family Court providently exercised its discretion
in awarding limited unsupervised visitation between the father
and the subject child. The 11-year-old child has repeatedly
expressed her desire to have unsupervised visitation with the
father. The attorney for the child recommended that the father
and child have some unsupervised visitation. Critically, there

is nothing in the record which would give rise to the conclusion that some limited unsupervised visitation would be detrimental to the child. Further, the requirements imposed by the order of visitation, including prohibiting the father from taking the child to his home, prohibiting him from disparaging the child's foster mother, and requiring that the child be picked up and dropped off at the agency, are tailored to protect the child while permitting the parent-child bond to grow in a more natural setting.

Accordingly, the Family Court properly awarded the father limited unsupervised visitation with the subject child and imposed certain conditions upon those visits. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.