■ Lizbeth Martin, Respondent, v Stephen H. Martin, Appellant. [33 NYS3d 303]—

Appeal from an order of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), dated March 23, 2015. The order, insofar as appealed from, after a hearing, granted the mother's motion to modify the custody provisions of a stipulation of settlement dated April 24, 2008, so as to award her sole legal and physical custody of the parties' children, and to permit her to relocate with the children to Florida, and, in effect, denied the father's cross motion for sole legal and physical custody of the children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married and have three children together. In April 2008, the parties entered into a stipulation of settlement, which provided that they would have joint custody of the children. In September 2008, the parties entered into a stipulation setting forth a parenting schedule. The parties were divorced by a judgment dated October 22, 2008, which incorpo-

rated but did not merge the terms of both stipulations. In December 2011, the mother moved to modify the custody provisions of the stipulation of settlement so as to award her sole legal and physical custody of the children, and to permit her to relocate with the children to Florida, where her extended family lives. The father cross-moved for sole legal and physical custody of the children and opposed the relocation. After a hearing, the Supreme Court granted the mother's motion, awarding her sole legal and physical custody of the children and permitting her to relocate with them, and, in effect, denied the father's cross motion. The father appeals.

The Supreme Court did not err in granting that branch of the mother's motion which was for a modification, as the mother established that there had been a change in circumstances such that modification was necessary to ensure the continued best interests of the children (*see Matter of Bathjer v McCrae*, 136 AD3d 688, 689 [2016]; *Matter of Moore v Gonzalez*, 134 AD3d 718 [2015]). The continued deterioration of the parties' relationship is a change in circumstances warranting a change in the present joint custody arrangement (*see Matter of Moore v Gonzalez*, 134 AD3d 718 [2015]; *Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640 [2013]). Joint custody is appropriate between relatively stable, amicable parents who behave in a mature and civilized fashion (*see Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]; *Matter of Chichilnitskiy v Faiman*, 119 AD3d 681 [2014]; *Irizarry v Irizarry*, 115 AD3d 913 [2014]; *Matter of Lawrence v Davidson*, 109 AD3d 826 [2013]). Joint custody is inappropriate where, as here, the parties are antagonistic toward each other and have demonstrated an inability to cooperate on matters concerning their children (*see Matter of Moore v Gonzalez*, 134 AD3d at 720; *Matter of Florio v Niven*, 123 AD3d 708 [2014]; *Matter of Lawrence v Davidson*, 109 AD3d at 826). The court did not err in concluding that it would be in the best interests of the children to award sole legal and physical custody to the mother (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). There is no basis to disturb the court's credibility determinations, which are supported by a sound and substantial basis in the record (*see Matter of Yasus v Yasus*, 69 AD3d 738 [2010]; *Matter of Oates v Wilson*, 46 AD3d 904 [2007]).

The mother's desire to relocate also constituted a change in circumstances, requiring the mother to demonstrate that relocation was in the children's best interests (*see Matter of Estevez v Perez*, 123 AD3d 707 [2014]; *Matter of Katz v Shomron*, 116 AD3d 777 [2014]; *see also Matter of Barner v Hampton*,

132 AD3d 1098 [2015]). In determining a parent's relocation request, a court is free to consider and give appropriate weight to all of the factors that may be relevant to the determination, including, but not limited to, each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and each parent, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's lives may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements. In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]). Here, the mother established by a preponderance of the evidence that relocation would be in the children's best interests, taking into account all of the relevant factors. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.