Matter of Griffin v Danzy (2018 NY Slip Op 02324)





Matter of Griffin v Danzy


2018 NY Slip Op 02324


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-07811
 (Docket Nos. V-20589-13, V-20590-13, V-29592-15, V-29593-15)

[*1]In the Matter of Buster Griffin, respondent,
v Renee A. Danzy, appellant. (Proceeding No. 1)
In the Matter of Renee A. Danzy, appellant,
v
Buster Griffin, respondent. (Proceeding No. No. 2)


Francine Shraga, Brooklyn, NY, for appellant.
Joel Borenstein, Brooklyn, NY, for respondent.



DECISION & ORDER
Appeal by the mother from an order of the Family Court, Kings County (Emily M. Martinez, Ct. Atty. Ref.), dated June 22, 2016. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was for unsupervised visitation with the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have two children together, twins born in April 2012. The children, who were born prematurely, have several health issues, including chronic lung disease and asthma, and one child has a heart defect.
In July 2013, the father filed a petition for custody and visitation. Thereafter, temporary orders of visitation were issued, granting the father alternate weekend visitation with the children, initially supervised by the mother, and later with the assistance of the children's home health aide. After a hearing, the Family Court, inter alia, granted the father unsupervised, overnight visitation on alternate weekends, to commence gradually after the mother had provided the father with an updated list of the children's physicians and the father had contacted each physician regarding the children's diagnoses and medications. The mother appeals.
The court's paramount concern in adjudicating visitation rights is the best interests of the child (see Matter of Murphy v Lewis, 149 AD3d 748, 749; Matter of Anthony M.P. v Ta-Mirra J.H., 125 AD3d 868, 868; Matter of Morocho v Jordan, 123 AD3d 1037, 1037). "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (Cervera v Bressler, 50 AD3d 837, 839 [internal quotation marks omitted]; see Matter of Murphy v Lewis, 149 AD3d at 750; Matter of Lopez v Lopez, 127 AD3d 974, [*2]974; Matter of Blazek v Zavelo, 127 AD3d 854, 854; Matter of Anthony M.P. v Ta-Mirra J.H., 125 AD3d at 868). "Since custody and visitation determinations necessarily depend[ ] to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court's findings'" (Matter of James M. v Kevin M., 99 AD3d 911, 913, quoting Matter of Elliott v Felder, 69 AD3d 623, 623). Thus, the determination of whether visitation should be supervised is a matter within the sound discretion of the Family Court and should not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Blazek v Zavelo, 127 AD3d at 854; Matter of Anthony M.P. v Ta-Mirra J.H., 125 AD3d at 868; Matter of Dolan v Masterton, 121 AD3d 979, 981; Irizarry v Irizarry, 115 AD3d 913, 915; Matter of Brian M. v Nancy M., 227 AD2d 404, 404; Matter of Gerald D. v Lucille S., 188 AD2d 650, 650).
Here, the record does not support a conclusion that overnight, unsupervised visitation would be detrimental to the children. Further, the requirements imposed by the Family Court's order, including requiring the mother to provide contact information for all of the children's doctors, requiring the father to contact each doctor to obtain information about the children's diagnoses and medications, and introducing the overnight visitation gradually, while ensuring the assistance of the children's home health aide, are designed to protect the children while encouraging the bond between the children and the father (see Matter of Anthony M.P. v Ta-Mirra J.H., 125 AD3d at 868). Accordingly, the court's visitation determination had a sound and substantial basis in the record, and will not be disturbed (see Matter of Blazek v Zavelo, 127 AD3d at 854; Matter of Dolan v Masterton, 121 AD3d at 981; Irizarry v Irizarry, 115 AD3d at 915; Matter of Gerald D. v Lucille S., 188 AD2d at 650).
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court