Matter of Masri v Masri (2019 NY Slip Op 03051)





Matter of Masri v Masri


2019 NY Slip Op 03051


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-06791
 (Docket Nos. V-3081-15, V-3082-15, O-3079-15, O-3323-15)

[*1]In the Matter of Esther Masri, respondent,
v
Joseph Masri, appellant. (Proceeding Nos. 1 and 2)
In the Matter of Joseph Masri, appellant,Esther Masri, respondent. (Proceeding No. 3)


Kevin Gomez, Middletown, NY, for appellant.
Legal Services of the Hudson Valley, Newburgh, NY (Kassandra D. Brescia of counsel), for respondent.
Keith G. Ingber, Thompson Ridge, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the father appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered April 19, 2017. The order, insofar as appealed from, after a hearing, dismissed the father's family offense petition, granted the mother's petition for sole custody of the parties' two children, and limited the father's parental access with the younger child to supervised therapeutic parental access.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2001, and are the parents of two children, born in 2002 and 2004, respectively. The older child was born premature with severe disabilities and has resided in a medical care facility since 2007. Shortly after the older child's placement in the medical care facility, the mother and father separated. The younger child has continued to reside with the mother and has had minimal contact with the father.
In July 2015, the mother filed a family offense petition against the father, as well as a petition for sole custody of the children. The father filed a petition against the mother, alleging that she committed the family offense of reckless endangerment in the second degree. After a hearing, the Family Court, inter alia, dismissed both family offense petitions, awarded sole custody of the children to the mother, awarded the father unlimited parental access with the older child and limited the father's parental access with the younger child to supervised therapeutic parental access. The father appeals.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Estime v Civil, 168 AD3d 936, 937; Matter of Lopez de Salmon v Salmon, 150 AD3d 1121, 1122). Here, the father presented no evidence that would support a finding that the mother committed the family offense of reckless endangerment in the second degree (see Penal Law § 120.20; Matter of Porter v Moore, 149 AD3d 1082, 1084; Matter of Campbell v Campbell, 123 AD3d 1123, 1124-1125; Matter of Khan-Soleil v Rashad, 108 AD3d 544, 545). Accordingly, we agree with the Family Court's determination to dismiss the father's family offense petition.
A court deciding an initial petition for child custody must determine what is in the child's best interests (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Alvarado v Cordova, 158 AD3d 794, 794). In determining best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires (see Matter of Jarvis v Lashley, 169 AD3d 1043; Matter of Lintao v Delgado, 168 AD3d 739, 740). The trial court's determination should not be disturbed unless it lacks a sound and substantial basis in the record, as such determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties (see Levitin v Levitin, 167 AD3d 589, 591; Fenech v Fenech, 141 AD3d 683, 685). Here, the Family Court's determination as to the best interests of the children with respect to custody has a sound and substantial basis in the record and will not be disturbed.
Supervised parental access is appropriately required only where it is established that unsupervised parental access would be detrimental to the child (see Irizarry v Irizarry, 115 AD3d 913, 914). The determination of whether parental access should be supervised is a matter within the sound discretion of the hearing court, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see id. at 914-915; Cervera v Bressler, 50 AD3d 837, 839). Contrary to the father's contention, the Family Court's determination that supervised therapeutic parental access was in the best interests of the younger child has a sound and substantial basis in the record and will not be disturbed.
The father's remaining contentions are without merit.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court