Matter of Law v Lalsa (2019 NY Slip Op 03340)





Matter of Law v Lalsa


2019 NY Slip Op 03340


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-04332
2018-04333
 (Docket Nos. V-12090-12/12A, V-18727-16/16A)

[*1]In the Matter of Quwanda Dee Law, appellant,
v
Adrian Lalsa, respondent. (Proceeding No. 1)
In the Matter of Adrian Lalsa, respondent,Quwanda Dee Law, appellant. (Proceeding No. 2)


Francine Shraga, Brooklyn, NY, for appellant.
Jeffrey C. Bluth, New York, NY, for respondent.
Heidi Luna, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from (1) a decision of the Family Court, Queens County (Mildred T. Negron, J.), dated January 12, 2018, and (2) an order of the same court also dated January 12, 2018. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was to modify an order of custody and parental access so as to limit the father to supervised parental access with the parties' child.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child. In these related proceedings, the Family Court, following a hearing, in effect, denied that branch of the mother's petition which was to modify an order of custody and parental access so as to limit the father to supervised parental access with the parties' child. The mother appeals.
A court may modify an order awarding custody and parental access upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child (see Matter of Mack v Kass, 115 AD3d 748, 748-749). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167). Supervised parental access is appropriate where it is established that unsupervised [*2]parental access would be detrimental to the child (see Irizarry v Irizarry, 115 AD3d 913, 914). The determination of whether parental access should be supervised is a matter left to the trial court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see id. at 914-915). Here, contrary to the mother's contention, the Family Court's determination not to limit the father to supervised parental access with the child has a sound and substantial basis in the record, and will not be disturbed (see id. at 915).
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court