Matter of Lopez v Prudencio (2020 NY Slip Op 00136)





Matter of Lopez v Prudencio


2020 NY Slip Op 00136


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-06126
 (Docket Nos. V-6915-13, V-6916-13)

[*1]In the Matter of Conrado Lopez, respondent,
v
Kenia Prudencio, appellant.


Kristina S. Heuser, Locust Valley, NY, for appellant.
Lisa Siano, Merrick, NY, for respondent.
Gail M. Berkowitz, Northport, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), dated April 21, 2017. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and residential custody of the parties' children and awarded the mother supervised parental access with the children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of twin boys, born in June 2013. In July 2013, the father filed a petition for sole legal and residential custody of the children, who had been residing with the father since birth. Pursuant to a series of temporary orders, the children remained in the custody of the father, and the mother had supervised parental access with the children. After a hearing at which both parents, the maternal aunt, and a court-appointed forensic psychologist testified, the Family Court granted the father's petition for sole legal and residential custody of the children and awarded the mother supervised parental access. The mother appeals.
"The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Matter of Boggio v Boggio, 96 AD3d 834, 835; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Eschbach v Eschabch, 56 NY2d 167, 171). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Andrade v Salvador, 160 AD3d 826, 827 [internal quotation marks omitted]; see Matter of Murphy v Lewis, 149 AD3d 748, 749).
"The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of [*2]the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record" (Matter of Vaysman v Conroy, 165 AD3d 954, 954-955; see Matter of Andrade v Salvador, 160 AD3d at 827).
Here, the Family Court considered the totality of the circumstances, and its determination to award sole legal and residential custody of the children to the father, which was consistent with the opinion of the court-appointed forensic psychologist, is supported by a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 171-172; Matter of Vaysman v Conroy, 165 AD3d at 955; Matter of Stokes v Stokes, 154 AD3d 952, 953; Matter of Yearwood v Yearwood, 90 AD3d 771, 774).
Supervised parental access is appropriate where it is established that unsupervised parental access would be detrimental to the child (see Matter of Masri v Masri, 171 AD3d 1183, 1185; Matter of Henry v Tucker, 157 AD3d 892, 893; Irizarry v Irizarry, 115 AD3d 913, 914-915). The determination of whether parental access should be supervised is a matter within the sound discretion of the hearing court, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see Matter of Masri v Masri, 171 AD3d at 1185; Irizarry v Irizarry, 115 AD3d at 914-915). Contrary to the mother's contention, the Family Court's determination that supervised parental access was in the best interests of the children has a sound and substantial basis in the record and will not be disturbed.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court