Matter of Bonilla-Sanchez v Flores (2020 NY Slip Op 02779)





Matter of Bonilla-Sanchez v Flores


2020 NY Slip Op 02779


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-01102
 (Docket No. V-282-18)

[*1]In the Matter of Alba N. Bonilla-Sanchez, respondent, 
v
David Flores, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.
Katie Anne Berka, Bay Shore, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an amended order of the Family Court, Suffolk County (Rosann O. Orlando, Ct. Atty. Ref.), dated December 28, 2018. The amended order, after a hearing, granted the mother's petition for sole legal and residential custody of the parties' child, with parental access to the father.
ORDERED that the amended order is affirmed, without costs or disbursements.
The parties, who were never married, have one child together, born in 2014. In January 2018, the mother filed a petition seeking sole legal and residential custody of the child, who had been residing with the mother since birth. After a hearing, the Family Court granted the mother's petition, awarding her sole legal and residential custody of the child, with parental access to the father. The father appeals.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049; see Eschbach v Eschbach, 56 NY2d 167, 171). " Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Lopez v Prudencio, 179 AD3d 690, 690, quoting Matter of Andrade v Salvador, 160 AD3d 826, 827). " The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record'" (Matter of Lopez v Prudencio, 179 AD3d at 690-691, quoting Matter of Vaysman v Conroy, 165 AD3d 954, 954-955).
Here, the Family Court considered the totality of the circumstances, and its [*2]determination to award sole legal and residential custody of the child to the mother is supported by a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 171-172; Matter of Lopez v Prudencio, 179 AD3d at 691; Matter of Vaysman v Conroy, 165 AD3d at 954-955).
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court