Matter of Montebello v Montebello (2020 NY Slip Op 03109)





Matter of Montebello v Montebello


2020 NY Slip Op 03109


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2019-07742
 (Docket No. V-11368-11)

[*1]In the Matter of Anthony Montebello, respondent,
v
Anna Montebello, appellant.


Darla A. Filiberto, Islandia, NY, for appellant.
Brian A. Picarello, Islandia, NY, for respondent.
Jeanne R. Burton, Central Islip, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated June 13, 2019. The order, after a hearing, in effect, granted the father's petition for sole custody of the subject child and awarded parental access to the mother.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of one child, born in July 2017. During the first year of the child's life, the parties and the child lived at the child's maternal grandmother's home in Brooklyn. On July 29, 2018, the father moved with the child to the father's grandparents' home in Suffolk County. The father filed a petition for sole custody of the child the following day in the Family Court, Suffolk County. Following a hearing, the court awarded the father sole custody of the child and awarded the mother parental access. The mother appeals.
" The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record'" (Matter of Lopez v Prudencio, 179 AD3d 690, 690-691, quoting Matter of Vaysman v Conroy, 165 AD3d 954, 954-955). "The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Scott v Thompson, 166 AD3d 627, 628 [internal quotation marks omitted]). "In determining an initial petition for child custody, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (id. [internal quotation marks omitted]).
Here, we agree with the Family Court's determination that it is in the child's best [*2]interests for the father to be awarded sole custody (see id.). The court found that the father testified more credibly than the mother and, contrary to the mother's contention, there is no basis to disturb that finding (see id.). The parties' testimony supported the court's finding that the father had demonstrated a stronger emotional bond with the child and a deeper connection to the child's daily activities in light of his work schedule. Contrary to the mother's argument, the father's actions the day of and immediately after filing the custody petition did not amount to willful interference with the mother's right to parental access so as to render him an unfit custodial parent (cf. Matter of Jarvis v Lashley, 169 AD3d 1043, 1044). Moreover, the mother's contention that the father was not involved in the child's medical care is not supported by the record.
"The determination of parental access is within the sound discretion of the hearing court based upon the best interests of the child" (Matter of Parris v Wright, 170 AD3d 731, 731). "Parental access is a joint right of the noncustodial parent and of the child" (id. at 731 [internal quotation marks omitted]). "Parental access with a noncustodial parent is presumed to be in the best interests of the child" (id.). Here, we agree with the Family Court's exercise of discretion in setting the schedule for the mother's parental access (see id.).
The remaining contention of the attorney for the child is without merit.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court