Matter of Corrigan v Minton (2020 NY Slip Op 04162)





Matter of Corrigan v Minton


2020 NY Slip Op 04162


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2018-13576
 (Docket Nos. V-11639-17, V-11640-17, V-17507-17, V-17508-17)

[*1]In the Matter of Ann Corrigan, petitioner, Roland Nicholson, appellant, 
v
Johnisha Minton, respondent, Westchester County Department of Social Services, respondent-respondent.


Postlethwaite Law Firm, PLLC, New York, NY (Preston J. Postlethwaite of counsel), for appellant.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent-respondent.
George E. Reed, Jr., White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the paternal grandfather appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated September 7, 2018. The order, insofar as appealed from, after a hearing, denied the paternal grandfather's petition for custody of the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The subject child was removed from her mother's custody in January 2016, and placed in a nonkinship foster home. In August 2016, the Westchester County Department of Social Services (hereinafter DSS) contacted the paternal grandmother (hereinafter the grandmother) about becoming a foster care resource for the child, but she informed the DSS caseworker that neither she nor the paternal grandfather (hereinafter the grandfather) could be resources for the child. The grandfather contacted the DSS caseworker in January 2017, and confirmed that he could not be a resource for the child. Nonetheless, the grandfather and the grandmother filed petitions for custody in September 2017. After a combined dispositional and custody hearing, during which the mother's parental rights were terminated, the Family Court, inter alia, denied the grandparents' petitions for custody of the child. The grandfather appeals.
" The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record'" (Matter of Lopez v Prudencio, 179 AD3d 690, 690-691, quoting Matter of Vaysman v Conroy, 165 AD3d 954, 954-955). "The court's paramount [*2]concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Scott v Thompson, 166 AD3d 627, 628 [internal quotation marks omitted]).
Here, the Family Court's determination to deny custody to the grandfather is supported by a sound and substantial basis in the record and will not be disturbed.
DILLON, J.P., CHAMBERS, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court