■ In the Matter of JOSEPHINE G.P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MADELINE P., Appellant. [5 NYS3d 503]—

Appeals from (1) an amended order of disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated April 18, 2013, and (2) an order of that court dated October 16, 2013. The amended order of disposition placed the subject child in the custody of the Commissioner of Social Services of the City of New York until the completion of the next permanency hearing. The appeal from the amended order of disposition brings up for review an order of fact-finding of that court dated August 21, 2012. The order dated October 16, 2013, denied the mother's motion to vacate the order of fact-finding dated August 21, 2012.

Ordered that the amended order of disposition and the order dated October 16, 2013, are affirmed, without costs or disbursements.

The appellant's arguments regarding her motion to dismiss the neglect petition pursuant to Family Court Act § 1051 (c) are not properly before this Court because she withdrew the motion from the Family Court and the Family Court did not address it.

The Family Court denied the appellant's motion pursuant to Family Court Act § 1061 to vacate the fact-finding order dated August 21, 2012, on the ground that it lacked the authority to vacate the finding of neglect because the case had been closed. This was error. Family Court Act § 1061 does not include a time limit (*see* Merril Sobie, Practice Commentaries, McKin-

ney's Cons Laws of NY, Book 29A, Family Ct Act § 1061), and a finding of neglect does not expire with an order but rather constitutes "a permanent and significant stigma which might indirectly affect [a person's] status in future proceedings" (*Matter of Monica C.M. [Arnold A.]*, 107 AD3d 996, 997 [2013]). However, the evidence adduced at the fact-finding hearing established, by a preponderance of the evidence, that the appellant neglected the subject child by inflicting excessive corporal punishment on her. Thus, the Family Court properly denied the appellant's motion to vacate the order of fact-finding, albeit for a different reason than that stated by the court.

Accordingly, the order dated October 16, 2013, and the amended order of disposition are affirmed. Mastro, J.P., Dillon, Hall and Miller, JJ., concur.