■ In the Matter of ANOUSHKA G. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CYNTRA M. et al., Appellants. (Proceeding No. 1.) In the Matter of NICOLAI G. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CYNTRA M. et al., Appellants. (Proceeding No. 2.) In the Matter of VERA M. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CYNTRA M. et al., Appellants. (Proceeding No. 3.) [18 NYS3d 652]—

Appeal from a corrected order of fact-finding and disposition of the Family Court, Nassau County (Robin M. Kent, J.), dated October 21, 2013. The corrected order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the parents neglected the subject children and suspended judgment for six months provided that they comply with enumerated terms and conditions, and directed that, "at the end of the period of suspension, if the [r]espondents are in compliance, the petitions will be dismissed, and the [a]djudication of [n]eglect shall remain."

Ordered that the corrected order of fact-finding and disposition is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing that, upon the dismissal of the petitions, "the [a]djudication of [n]eglect shall remain," and substituting therefor a provision directing that, upon the dismissal of petitions, "the adjudication of neglect shall be vacated"; as so modified, the corrected order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court did not err in finding, at the conclusion of the fact-finding hearing, that the children were neglected. The petitioner proved by a preponderance of the evidence that the children's physical condition was in imminent danger of becoming impaired due to the parents' failure to exercise a minimum degree of care in supplying them with adequate shelter, arising from a dangerous lead condition in the home (*see* Family Ct Act §§ 1012 [f]; 1046 [b]; 1051 [a]). According great weight to the court's credibility determinations, there is no basis in the record to disturb its finding of neglect (*see Matter of Alexander M. [Benjamin M.]*, 88 AD3d 794 [2011]; *Matter of James C.*, 47 AD3d 712 [2008]; *Matter of Jedidah A.*, 39 AD3d 742 [2007]).

Regarding the disposition, the Family Court did not err in suspending judgment, on condition that the children undergo blood testing for lead over a six-month period (see Family Ct Act §§ 1052 [a] [i]; 1053). The parents had no prior criminal or child protective history before lead was discovered in their home and in their children's blood. The evidence at the dispositional hearing established that although the parents had complied with lead abatement and testing the lead levels in the children's blood, the youngest child's lead levels remained above the normal range. Under the circumstances, a suspended judgment was in the children's best interests (see Matter of Eric Z. [Guang Z.], 100 AD3d 646 [2012]).

Although facts sufficient to sustain the petitions were established, neglect petitions may nevertheless be dismissed if "the court concludes that its aid is not required on the record before it" (Family Ct Act § 1051 [c]). Under the discrete circumstances of this case, the Family Court properly directed dismissal of the petitions after the expiration of the six-month suspended judgment period, as the aid of the court was no longer required. However, the court should have also exercised its discretion by directing that, upon the dismissal of the petitions, the adjudication of neglect shall be vacated (see Family Ct Act § 1061). As a general rule, a parent's compliance with the terms and conditions of a suspended judgment does not eradicate the prior neglect finding (see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1053 at 57). Here, however, there are a number of factors warranting the vacatur of the neglect findings. The parents' underlying conduct was aberrational in nature, the lead condition at the family home has been abated, the children's blood lead levels after the six-month suspended judgment period were within acceptable ranges, the parents fully complied with the conditions of the suspended judgment, there is no risk that the circumstances of lead exposure will recur, and there is no likelihood that these circumstances will warrant further judicial proceedings (see Family Ct Act § 1051 [c]; Matter of Kayden H. [Kareena H.], 104 AD3d 764, 766 [2013]). Accordingly, the Supreme Court should have directed that, upon the dismissal of the petitions, the adjudication of neglect shall be vacated.

In light of our determination, the parties' remaining contentions have been rendered academic. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.