■ In the Matter of JAELIN L. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KIM RENEE C., Appellant. (Proceeding No. 1.) In the Matter of ASHTON B., Also Known as ASHTON C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; KIM RENEE C., Appellant. (Proceeding No. 2.) In the Matter of BARTHOLOMEW A., Respondent, v KIMRENEE C., Appellant. (Proceeding No. 3.) [18 NYS3d 879]—Appeal from an order

of the Family Court, Queens County (Marybeth S. Richroath, J.), dated January 6, 2015. The order denied the mother's motion to modify three prior orders of disposition of that court, each dated December 5, 2013, so as to permit a trial discharge of the child Jaelin L. to her care and to award her custody of the child Ashton B., also known as Ashton C., or, in the alternative, unsupervised overnight visitation with Ashton B., also known as Ashton C.

Ordered that the order is affirmed, without costs or disbursements.

Family Court Act § 1061 provides that, for good cause shown, a court may set aside, modify, or vacate any order issued in the course of a child protective proceeding (see Family Ct Act § 1061). Here, the Family Court properly determined that the mother had not complied with the requirements set forth in the court's prior orders of disposition (see Matter of Bernalysa K. [Richard S.], 118 AD3d 885 [2014]; Matter of Benjamin M. v Orange County Dept. of Social Servs., 20 AD3d 535, 536 [2005]) and, therefore, failed to establish good cause to modify those orders of disposition (see Family Ct Act § 1061; Matter of Bernalysa K. [Richard S.], 118 AD3d 885 [2014]; Matter of Desiree L., 28 AD3d 484 [2006]). Accordingly, the mother's motion was properly denied. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.