■ BARBARA MAYNARD, Appellant, v RUSSELL MAYNARD, Defendant. [30 NYS3d 192]—

Appeal from an order of the Supreme Court, Queens County (Duane A. Hart, J.), entered August 28, 2012. The order denied the plaintiff's motion for leave to enter a default judgment of divorce against the defendant and, sua sponte, modified the visitation provisions of an order of that court dated November 1, 2011.

Ordered that on the Court's own motion, the notice of appeal from so much of the order entered August 28, 2012, as, sua sponte, modified the visitation provisions of the order dated November 1, 2011, is deemed to be an application for leave to appeal from that portion of the order entered August 28, 2012, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order entered August 28, 2012, is modified, on the law, by deleting the provision thereof, sua sponte, modifying the visitation provisions of the order dated November 1, 2011; as so modified, the order entered August 28, 2012, is affirmed, without costs or disbursements.

The Supreme Court properly denied the plaintiff's motion, filed under Queens County index No. 30384/08, for leave to enter a default judgment of divorce against the defendant. Index No. 30384/08 was obtained in a special proceeding concerning custody issues, and the motion for a default judgment of divorce therefore sought relief unavailable to the plaintiff. Accordingly, the court properly denied the motion and directed the plaintiff to take action in the Matrimonial Part under the index number of a divorce action pending between the parties.

Nevertheless, the court erred in sua sponte modifying the visitation provisions of a prior order. In order to modify an existing custody or visitation order, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Preciado v Ireland, 125 AD3d 662 [2015]; Matter of Holmes v Holmes, 116 AD3d 955 [2014]). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]). "Supervised visitation is appropriately required only where it is established that unsupervised visitation would be detrimental to the child" (Matter of Gainza v Gainza, 24 AD3d 551, 551 [2005]). "The determination of whether visitation should be supervised is a matter left to the trial court's sound discretion, and its findings will not be

disturbed on appeal unless they lack a sound and substantial basis in the record" (*Irizarry v Irizarry*, 115 AD3d 913, 914-915 [2014]). Here, the determination that there had been a change in circumstances warranting an award of unsupervised visitation to the father lacked a sound and substantial basis in the record. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.