■ In the Matter of MARIO D. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MARINA L., Respondent. [47 NYS3d 354]—

Appeal by the petitioner from an order of the Family Court, Queens County (Mary R. O'Donoghue, J.), dated June 2, 2016. The order, insofar as appealed from, after a hearing, granted the mother three-hour unsupervised visits with the subject child. By decision and order on motion of this Court dated June 17, 2016, this Court granted the petitioner's motion to stay enforcement of that portion of the order pending hearing and determination of the appeal.

Ordered that the order dated June 2, 2016, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements.

The subject child was in foster care and the mother had supervised visitation pursuant to a prior order of the Family Court. The Family Court, sua sponte, directed a hearing pursuant to Family Court Act § 1061 to determine whether the mother was entitled to unsupervised "sandwich" visits (scheduled between supervised visits) with the child. A hearing was held, and in the order appealed from, the court, inter alia, directed that the mother have such three-hour unsupervised visits with the child. The petitioner appeals, and we reverse.

The Family Court erred in modifying the visitation provisions of a prior order. Pursuant to Family Court Act § 1061, the court may modify any order issued during the course of a proceeding under article 10 for "good cause shown" (Family Ct Act § 1061; see Matter of Kevin M.H. [Kevin H.], 102 AD3d 690 [2013]). The statute "expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Kevin M.H. [Kevin H.], 102 AD3d at 691 [internal quotation marks omitted]; see Matter of Angelina AA., 222 AD2d 967, 968-969 [1995]). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all . . . [the] circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Kevin M.H. [Kevin H.], 102 AD3d at 692 [internal quotation marks omitted]; see Matter of Natasha M. [Gaston Y.], 94 AD3d 765 [2012]).

Supervised visitation is appropriate only where it is established that unsupervised visitation would be detrimental to the child (*see Maynard v Maynard,* 138 AD3d 794 [2016]; *Matter of Gainza v Gainza,* 24 AD3d 551, 551 [2005]). The determination of whether visitation should be supervised is a matter left to the Family Court's sound discretion, and its findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (*see Maynard v Maynard,* 138 AD3d 794 [2016]; *Irizarry v Irizarry,* 115 AD3d 913, 914-915 [2014]). Here, the determination that the mother was entitled to unsupervised visitation lacked a sound and substantial basis in the record. Leventhal, J.P., Roman, Sgroi and Connolly, JJ., concur.