■ In the Matter of INOCENCIA W. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; YASHA W., Appellant. [47 NYS3d 93]—

Appeal by the mother from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated October 15, 2015. The order denied the mother's motion, inter alia, to vacate a prior order of fact-finding and disposition of that court (Marybeth S. Richroath, J.) dated June 10, 2013, which, upon her consent to a finding of neglect without admission pursuant to Family Court Act § 1051 (a), found that she neglected the subject child and suspended judgment.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that the mother neglected the subject child. In an order of fact-finding and disposition dated June 10, 2013, the Family Court, upon the mother's consent to

a finding of neglect without admission pursuant to Family Court Act § 1051 (a), found that she neglected the child and suspended judgment for one year provided that she comply with enumerated terms and conditions. The court subsequently extended the suspended judgment for an additional year. In September 2015, the mother moved to vacate the order of fact-finding and disposition and to dismiss the petition on the ground that she complied with all the terms and conditions of the suspended judgment. In an order dated October 15, 2015, the court denied the motion. The mother appeals.

Family Court Act § 1061 provides that, for good cause shown, a court may set aside, modify, or vacate any order issued in the course of a child protective proceeding (*see* Family Ct Act § 1061). Nevertheless, as a general rule, a parent's compliance with the terms and conditions of a suspended judgment does not eradicate the prior neglect finding (*see Matter of Anoushka G. [Cyntra M.]*, 132 AD3d 867, 868 [2015]; Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1053 at 57). Here, the record demonstrates that the mother failed to establish good cause to vacate the prior adjudication of neglect (*see* Family Ct Act § 1061; *Matter of Jaelin L. [Kim Renee C.]*, 133 AD3d 661, 662 [2015]; *Matter of Josephine G.P. [Madeline P.]*, 126 AD3d 906, 907 [2015]; *Matter of Nicole KK.*, 46 AD3d 1267, 1268 [2007]; *cf. Matter of Anoushka G. [Cyntra M.]*, 132 AD3d at 868). Accordingly, the mother's motion was properly denied. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.