(August 8, 2017)

■ In the Matter of DANIELLA A. and Another, Children Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; JESSICA A., Respondent. [60 NYS3d 116]—

Order, Family Court, Bronx County (Valerie Pels, J.), entered on or about July 1, 2015, which granted respondent mother's motion to modify an order of disposition entered on or about July 17, 2014, to the extent of entering in its stead a suspended judgment (the conditions of which were deemed satisfied), dismissing the neglect petition, vacating the finding of neglect, and releasing the subject children to the mother's care, unanimously affirmed, without costs.

For the reasons we explained in *Matter of Leenasia C. (Lamarriea C.—Maxie B.)* (154 AD3d 1 [2017] [decided simultaneously herewith]), we reject petitioner agency's argument that, pursuant to Family Court Act § 1061, the Family Court was not authorized to modify the dispositional order to the extent of

---

granting a retroactive suspended judgment. We also find that the mother's strict compliance with the dispositional order, and her clear dedication to ameliorating the conditions that led to the neglect finding, constituted "good cause" warranting the relief requested (*see Matter of Bernalysa K. [Richard S.],* 118 AD3d 885, 885 [2d Dept 2014]; *see also Matter of Alexander L. [Andrea L.],* 109 AD3d 767, 767 [1st Dept 2013], *lv dismissed* 22 NY3d 1056 [2014]; *Matter of Araynah B.,* 34 Misc 3d 566, 582 [Fam Ct, Kings County 2011]). Moreover, in vacating the neglect finding, the Family Court properly took into account the mother's ability to find work in her chosen field, as the mother's employability is in the best interests of the children (*see Matter of Whitley v Whitley,* 33 AD3d 810, 810 [2d Dept 2006], *lv denied* 8 NY3d 809 [2007]).

Given the foregoing determination, we do not reach the parties' argument regarding whether dismissal of the neglect petition is appropriate under Family Court Act § 1051 (c).

We have considered the agency's remaining arguments and find them unavailing. Concur—Acosta, P.J., Renwick, Manzanet-Daniels, Mazzarelli and Andrias, JJ.