Matter of Boston G. (Jennifer G.) (2018 NY Slip Op 00140)





Matter of Boston G. (Jennifer G.)


2018 NY Slip Op 00140


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2017-00069
 (Docket No. N-17781-15)

[*1]In the Matter of Boston G. (Anonymous). Administration for Children's Services, appellant; Jennifer G. (Anonymous), respondent.


Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg and Aaron M. Bloom of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Lauren Shapiro, Jessica Marcus, and Paul, Weiss, Rifkind, Wharton & Garrison LLP [Jessica S. Carey and Rebecca T. Dell], of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler, Marcia Egger, and Emily Kitay of counsel), attorney for the child.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Lillian Wan, J.), dated December 7, 2016. The order granted the mother's motion to vacate so much of a prior order of fact-finding and disposition of that court dated October 5, 2015, as, upon her consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the subject child.
ORDERED that the order dated December 7, 2016, is affirmed, without costs or disbursements.
On July 13, 2015, the petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that the mother neglected the subject child by leaving the child unattended and by misusing alcohol. The petition alleged that the child was removed from the mother's home on July 11, 2015. In an order of fact-finding and disposition dated October 5, 2015, the Family Court, upon the mother's consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that she neglected the child and released the child to the mother's custody under the supervision of the petitioner for a period of 12 months pursuant to certain terms and conditions. In May 2016, the parties consented to ending the period of supervision five months early.
In November 2016, the mother moved pursuant to Family Court Act § 1061 to vacate so much of the order of fact-finding and disposition dated October 5, 2015, as found that she neglected the child. In opposition to the mother's motion, the petitioner argued that the Family Court lacked jurisdiction to entertain the motion since the case was closed in May 2016, and that the neglect finding could not be vacated because it was entered on consent. The attorney for the child did not oppose the motion. In an order dated December 7, 2016, the court granted the mother's [*2]motion. The petitioner appeals.
On appeal, the petitioner contends that the mother failed to establish "good cause" within the meaning of Family Court Act § 1061 to warrant vacatur of the prior finding of neglect. However, the petitioner's contention is unpreserved for appellate review, as the petitioner did not raise this contention in opposition to the mother's motion (see Matter of Keishaun P. [Tyrone P.], 140 AD3d 1171, 1173). In any event, the petitioner's contention is without merit.
Family Court Act § 1061 provides that, for good cause shown, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding (see Family Ct Act § 1061; Matter of Jahred S. [Wilbert S.], 149 AD3d 963, 965; Matter of Inocencia W. [Yasha W.], 147 AD3d 865, 866; Matter of Bernalysa K. [Richard S.], 118 AD3d 885, 885). "The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Kevin M.H. [Kevin H.], 102 AD3d 690, 691 [internal quotation marks omitted]; see Matter of Mario D. [Marina L.], 147 AD3d 828). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Sutton S. [Abigail E.S.], 152 AD3d 608, 608 [internal quotation marks omitted]; see Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1224). Under the particular circumstances of this case, including the mother's lack of any prior child protective history, her strict compliance with court-ordered services and treatment, and her commitment to ameliorating the issues that led to the finding of neglect, the mother demonstrated good cause to vacate the finding of neglect (see Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 12-13; Matter of Daniella A. [Jessica A.], 153 AD3d 426, 427; Matter of Anoushka G. [Cyntra M.], 132 AD3d 867, 868; Matter of Araynah B., 34 Misc 3d 566, 582 [Fam Ct, Kings County]; cf. Matter of Inocencia W. [Yasha W.], 147 AD3d at 866).
The petitioner's remaining contentions are unpreserved for appellate review and, in any event, without merit.
Accordingly, the Family Court properly granted the mother's motion to vacate so much of the order of fact-finding and disposition dated October 5, 2015, as found that she neglected the child.
In light of our determination, we need not reach the remaining contention of the attorney for the child.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court