Matter of Azimjon A. (Adolat K.) (2018 NY Slip Op 03352)





Matter of Azimjon A. (Adolat K.)


2018 NY Slip Op 03352


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-03280
 (Docket Nos. N-5487-15, N-5488-15)

[*1]In the Matter of Azimjon A. (Anonymous). Administration for Children's Services, petitioner- respondent; Adolat K. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Aziza A. (Anonymous). Administration for Children's Services, petitioner- respondent; Adolat K. (Anonymous), respondent- appellant, et al., respondent. (Proceeding No. 2)


Salvatore C. Adamo, New York, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Carolyn Walther of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Patricia Colella of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article10, the mother appeals from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated February 24, 2017. The order denied the mother's motion pursuant to Family Court Act § 1061, inter alia, to modify an order of disposition of the same court dated November 5, 2015.
ORDERED that the order is affirmed, without costs or disbursements.
In February 2015, the petitioner commenced these proceedings pursuant to Family Court Act article 10 alleging, inter alia, that the mother neglected the subject children. On September 11, 2015, the mother consented to a finding of neglect without admission. In an order of disposition dated November 5, 2015, and entered upon the mother's consent, the Family Court directed that the children would continue to reside with the mother and the father under Administration for Children's Services (hereinafter ACS) supervision until March 10, 2016, and the mother would refrain from using corporal punishment, cooperate with ACS supervision, and complete counseling services.
In October 2016, the mother moved pursuant to Family Court Act § 1061 to modify [*2]the order of disposition by suspending it through March 10, 2016, and vacating the finding of neglect. The Family Court denied the motion, and the mother appeals.
Family Court Act § 1061 provides that, for good cause shown, a court may set aside, modify, or vacate any order issued in the course of a child protective proceeding. Here, the Family Court properly determined that the mother failed to establish good cause to modify the order of disposition and vacate the finding of neglect given the serious nature of the mother's conduct and her lack of remorse for her actions (see Matter of Inocencia W. [Yasha W.], 147 AD3d 865, 866; Matter of Josephine G.P. [Madeline P.], 126 AD3d 906, 907; cf. Matter of Anoushka G. [Cyntra M.], 132 AD3d 867, 868). Accordingly, we agree with the court's denial of the mother's motion.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court