Matter of Alisah H. (Syed H.) (2019 NY Slip Op 00274)





Matter of Alisah H. (Syed H.)


2019 NY Slip Op 00274


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-05527
 (Docket Nos. N-4274-16, N-4275-16, N-4276-16, N-4277-16, N-4278-16, N-26160-16)

[*1]In the Matter of Alisah H. (Anonymous). Administration for Children's Services, appellant; Syed H. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Syed H. (Anonymous). Administration for Children's Services, appellant; Syed H. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Hassan H. (Anonymous). Administration for Children's Services, appellant; Syed H. (Anonymous), respondent. (Proceeding No. 3)
In the Matter of Shan H. (Anonymous). Administration for Children's Services, appellant; Syed H. (Anonymous), respondent. (Proceeding No. 4)
In the Matter of Wahid H. (Anonymous). Administration for Children's Services, appellant; Syed H. (Anonymous), respondent. (Proceeding No. 5)
In the Matter of Zayn H. (Anonymous). Administration for Children's Services, appellant; Syed H. (Anonymous), respondent. (Proceeding No. 6)



Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton, Carolyn Walther, and Ingrid R. Gustafson of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Ambika Panday and Jenner & Block LLP [Michael W. Ross], of counsel), for respondent.
Janet E. Sabel, New York, NY (Patricia Colella of counsel), attorney for the children (no brief filed).



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated February 27, 2018. The order granted the father's motion pursuant to Family Court Act § 1061 to modify an order of disposition of the same court dated April 6, 2017, so as to grant a suspended judgment and to vacate an order of fact-finding of the same court dated March 27, 2017, which, upon his consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that he neglected the subject children.
ORDERED that the order dated February 27, 2018, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the father's motion pursuant to Family Court Act § 1061 to modify the order of disposition dated April 6, 2017, so as to grant a suspended judgment and to vacate the order of fact-finding dated March 27, 2017, is denied.
In February 2016, the Administration for Children's Services (hereinafter ACS) filed petitions alleging that the father neglected five of the subject children by committing acts of domestic violence against the mother in the presence of those children on multiple occasions. In October 2016, ACS filed a petition alleging that the father neglected his newborn son based on the allegations in the previous petitions. In an order of fact-finding dated March 27, 2017, issued upon the father's consent without admission pursuant to Family Court Act § 1051(a), the Family Court found that he neglected the subject children as alleged in the petitions. On April 6, 2017, the court issued an order of disposition releasing the children to the custody of the mother under ACS supervision for six months, directing the father to complete certain counseling programs, and giving the father supervised parental access with the children. In October 2017, the father moved pursuant to Family Court Act § 1061 to modify the order of disposition so as to grant a suspended judgment and to vacate the order of fact-finding. ACS opposed the motion. In an order dated February 27, 2018, the court granted the father's motion. ACS appeals.
"Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding [f]or good cause shown.' The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d 1017, 1017-1018, quoting Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850 [internal quotation marks omitted]; see Matter of Boston G. [Jennifer G.], 157 AD3d at 677; Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 9).
Here, despite his successful completion of certain court-ordered programs, the father failed to establish good cause to modify the order of disposition and to vacate the finding of neglect, given the serious and repeated nature of his conduct and his lack of remorse for his actions (see Matter of Azimjon A. [Adolat K.], 161 AD3d 849, 850; Matter of Inocencia W. [Yasha W.], 147 AD3d 865, 866; Matter of Josephine G.P. [Madeline P.], 126 AD3d 906, 907). Moreover, the father failed to demonstrate that modifying the order of disposition and vacating the finding of neglect served the best interests of the children (see Matter of Jacob P.E. [Gustavo P.S.], 162 AD3d at 1018). Accordingly, the order appealed from lacked a sound and substantial basis in the record, and the father's motion should have been denied.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court