Matter of Alexander Y. (Christopher P.) (2020 NY Slip Op 03123)





Matter of Alexander Y. (Christopher P.)


2020 NY Slip Op 03123


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-03007
 (Docket No. N-30285-15)

[*1]In the Matter of Alexander Y. (Anonymous). Administration for Children's Services, petitioner- respondent; Christopher P. (Anonymous), appellant, et al., respondent.


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Jamison Davies of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Diane Pazar of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Christopher P. appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated February 22, 2019. The order denied Christopher P.'s motion pursuant to Family Court Act § 1061 to vacate so much of an order of fact-finding and disposition of the same court dated May 3, 2018, as, upon his consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that he neglected the subject child.
ORDERED that the order dated February 22, 2019, is affirmed, without costs or disbursements.
In December 2015, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that Christopher P., a person legally responsible for the subject child, neglected the child by inflicting excessive corporal punishment on him.
In an order of fact-finding and disposition dated May 3, 2018, issued upon Christopher P.'s consent without admission pursuant to Family Court Act § 1051(a), the Family Court found that Christopher P. neglected the child as alleged in the petition. The court suspended judgment without the promise of an automatic vacatur of the finding of neglect. The child was released to the custody of his biological father under ACS supervision for a period of six months, and Christopher P. was directed to, inter alia, abide by an order of protection.
In November 2018, Christopher P. moved pursuant to Family Court Act § 1061 to vacate the finding of neglect. ACS and the attorney for the child opposed the motion. In an order dated February 22, 2019, the Family Court denied Christopher P.'s motion. Christopher P. appeals.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or [*2]vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." " The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare'" (Matter of Aaliyah B. [Althea R.], 170 AD3d 712, quoting Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677). As a general rule, compliance with the terms and conditions of a suspended judgment does not eradicate the prior neglect finding (see Matter of Anoushka G. [Cyntra M.], 132 AD3d 867, 868).
Here, the record demonstrates that Christopher P. failed to establish good cause to vacate the prior finding of neglect (see Family Ct Act § 1061; Matter of Inocencia W. [Yasha W.], 147 AD3d 865, 866). Accordingly, we agree with the determination of the Family Court to deny his motion.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court