Matter of Tsoede L. (Kinisha B.) (2021 NY Slip Op 05667)





Matter of Tsoede L. (Kinisha B.)


2021 NY Slip Op 05667


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Docket No. NN-18836/18 Appeal No. 14399-14399A-14399B Case No. 2020-03946 

[*1]In the Matter of Tsoede L., Jr., a Child Under Eighteen Years of Age, etc., Kinisha B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Neighborhood Defender Service of Harlem, New York (Trevor Boeckmann of counsel), for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 16, 2020, insofar as it denied respondent mother's motion for an order amending an order of disposition, entered on or about June 26, 2019, to provide for a suspended judgment and permit the parties to submit a consent order to vacate the order finding neglect, entered on or about April 18, 2019, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's post-dispositional motion to amend its June 26, 2019 dispositional order to include a suspended judgment and permit the parties to submit to a consent order to vacate the order of fact-finding entered on or about April 18, 2019, thereby vacating the finding of neglect and dismissing the petition (see Matter of [Sophia W.] [Tiffany P.], 176 AD3d 723 [2nd Dept 2019]; cf. Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 6-7 [1st Dept 2017]).
In April 2019, Family Court entered a finding of neglect, on consent of the mother without admission, based on findings that the mother neglected the eight-year-old child by inflicting excessive corporal punishment, scratching the child with her nails and beating the child with a phone charger cord and a belt leaving marks, scratches, large welts and bruises on the child's face, shoulders, abdomen and thighs, in various stages of healing, which resulted in physical and emotional harm to the child. The record provides ample support for the court's determination that the mother had severely beaten the child, resulting in the child being diagnosed with Post-Traumatic Stress Syndrome and ongoing need for therapy.
In light of the severity of the conduct leading to the neglect finding, and the ongoing emotional harm to the child, the court providently exercised its discretion in determining that vacatur of the neglect finding would not be in the child's best interests (see Matter of Sophia W., 176 AD3d at 724-725). The court acknowledged that the mother had completed court-ordered services and engaged in therapy, but found that, while she apologized to the child, she failed to acknowledge, specifically, how her behavior affected the child or to show real insight into the behavior that precipitated the incident. The mother also failed to come up with a plan for the future on how to address the child's resulting issues (see Matter of Inocencia W. [Yasha W.], 147 AD3d 865, 866 [2d Dept 2017]). Best interest analysis, which requires consideration of a parent's ability to supervise a child and eliminate any threat of future abuse or neglect, supports the
court's exercise of discretion to decline to grant a suspended judgment in these circumstances (see Matter of Sophia W, 176 AD3d at 724-725).
We have considered the mother's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021