Matter of Harper W. (Haley W.) (2024 NY Slip Op 04696)

Matter of Harper W. (Haley W.)

2024 NY Slip Op 04696

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

659 CAF 24-00022

[*1]IN THE MATTER OF HARPER W., PRESLEY W. AND AYLA W. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; HALEY W., RESPONDENT-APPELLANT.

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Steuben County (Philip J. Roche, J.), dated December 11, 2023, in a proceeding pursuant to Family Court Act article 10. The order granted respondent a suspended judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that imposed a suspended judgment with conditions, including, inter alia, that she submit to random drug screens immediately upon request. Initially, we note that the mother's appeal brings up for review the corrected order of fact-finding in which Family Court found that the mother neglected two of her children (see Matter of Bradley M.M. [Michael M.—Cindy M.], 98 AD3d 1257, 1258 [4th Dept 2012]).
Contrary to the mother's contention, petitioner met its burden of establishing by a preponderance of the evidence that the mother neglected the two children (see Family Ct Act § 1046 [b] [i]). "It is well established that a finding of neglect may be appropriate even when a child has not been actually impaired, in order to protect that child and prevent impairment . . . , and that [a] single incident where the parent's judgment was strongly impaired and the child exposed to a risk of substantial harm can sustain a finding of neglect" (Matter of Serenity P. [Shameka P.], 74 AD3d 1855, 1855-1856 [4th Dept 2010] [internal quotation marks omitted]). Here, the court properly found that the two children, ages three and five, were in imminent risk of harm when the mother left them unattended in an unlocked, running vehicle for at least 30 minutes while she went shopping (see id. at 1856; Matter of Samuel D.-C., 40 AD3d 853, 854 [2d Dept 2007]).
Contrary to the mother's further contention, the court properly ordered, as a condition of the suspended judgment, that the mother submit to random drug screens immediately upon request (see generally Family Ct Act § 1053 [a]; 22 NYCRR 205.83 [a] [3]; Matter of Anoushka G. [Cyntra M.], 132 AD3d 867, 868 [2d Dept 2015]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court