Matter of Admin. for Children's Servs.-Bronx v A.T. (2025 NY Slip Op 25257)

[*1]

Matter of Admin. for Children's Servs.-Bronx v A.T.

2025 NY Slip Op 25257

Decided on September 23, 2025

Family Court, Bronx County

Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on September 23, 2025
Family Court, Bronx County

In the Matter of an Article 10 Neglect Proceeding 
 Admin. For Children's Services-Bronx, Petitioner

against
A.T. and J.J., Respondents N.G., D.J., Children under Eighteen Years of Age Alleged to be Neglected.

Docket No. NN-XXXXX-25

Representing Respondent Mother Retained Counsel Lauriano Guzman Jr.;
Representing Respondent Father Bronx Defenders Cassandra Pilla;
Administration for Children's Services Peri Novick; and
Attorney for the Children the Legal Aid Society Alyssa Joy Zduniak

Angel Cruz, J.

The central issue in this dispositional hearing is whether to impose a suspended judgment or allow the finding of neglect to remain against Respondent A.T., based on her admitted use of excessive corporal punishment against her son, N.G. The dispositional terms concerning her spouse, Respondent J.J., are not contested.[FN1]

At the September 4, 2025, hearing, Respondent A.T. testified that she is employed by the [*2]New York City Police Department (NYPD) for 17 years—initially as a police officer and later as a detective. However, following the neglect proceedings and her related criminal arrest, she was demoted to police officer, suspended, for 30 days, without pay, and placed on modified duty, performing only administrative tasks. She also faces internal disciplinary charges and has been the subject of multiple online and print media reports. (See: NY Daily News, "Manhattan cop charged with whipping her young son, 10, with belt: DA," last visited Sept. 5, 2025; Patch, "Washington Heights Cop Arrested for Whipping Her Child," posted Feb. 21, 2025; NY12, "NYPD officer arrested, facing assault and child endangerment charges," posted Feb. 18, 2025.)
Although the court found portions of Respondent's testimony at the dispositional hearing was evasive and inconsistent, she did acknowledge that her relationship with N.G. is currently strained due to her own actions. She expressed a desire to rebuild their bond through supervised visitation and recognized that this process would require time and effort.
On direct examination, Responded stated:
"I feel bad for my son and the way that he feels now. I deeply regret that, and I do feel very remorseful for everything that he's gone through as well as what my family has gone through." "This will never happen again because I now have a different way of seeing things, thinking about discipline." "My goal is to get to where it once was and better than where it once was, but currently right now it's very strained and it's gonna be a lot of work on both of our parts."
***
She further testified that she completed 15 sessions of anger management, parenting classes, and individual therapy to develop healthier coping mechanisms.
Under New York law, child protection proceedings are remedial—not punitive—and are designed to serve the best interests of children by addressing threats to their welfare. See Sarahi O. Josefina D.L., 70 Misc 3d 1209(A); (Bronx Co. Fam. Ct. 2020); In Re Leenasia C., 154 AD3d 1 (1st Dept. 2017).
A suspended judgment is a dispositional option under FCA§1053(a), intended to provide Respondent who complies with the court's dispositional plan the opportunity to later seek dismissal of the neglect finding and petition. See In re M.N., 16 Misc 3d 499 (Monroe Co. Fam. Ct. 2020).
This relief is not a reward nor does it condone the underlying conduct. Rather, it recognizes that in certain circumstances, the child's best interests are served by allowing the parent a clean slate. See In re Danielle A., 153 AD3d 426 (1st Dept. 2017); In re M.N., 16 Misc 3d 499 (Monroe Co. Fam. Ct. 2020).
In determining whether to grant a suspended judgment, the court must consider several factors, including:
• Whether the parent has adequately addressed the issues leading to the child's removal;
• The respondent's prior history;
• The seriousness of the offense;
• Demonstrated remorse;
• Compliance with court-ordered services;
• Efforts to rehabilitate the parent-child relationship See In re Maximus H., 25 Misc 3d 1241(A)(Monroe Co. Fam. Ct. 2009).
ACS and the Attorney for the Child (AFC) argue that although Respondent A.T. [*3]expressed remorse and completed services, she violated court orders by pressuring N.G. to discuss the case during visits, necessitating a return to supervised visitation. They contend this behavior reflects a lack of genuine insight and undermines her eligibility for a suspended judgment.
However, counsel appears to overlook the remedial nature of child protection proceedings. A suspended judgment is not granted for the benefit of the respondent, but rather for the benefit of the child. A gainfully employed parent who can financially support the household serves both the child's welfare and broader public policy.
After weighing the relevant factors and considering the testimony and argument presented at the September 4, 2025, hearing, the court exercises its discretion and finds that granting Respondent A.T. a suspended judgment is in the best interest of the child and society. This decision is made over the objections of ACS and the AFC.
While the AFC correctly notes that the Respondent may seek future review of the dispositional terms under FCA §1061, including retroactive relief and vacatur of the neglect finding, this court finds that the immediate impact on Respondent's employment and career advancement outweighs the rationale for delaying such relief. As a first-time Respondent who has accepted responsibility and endured significant public scrutiny, and effects on her employment, the consequences she has already faced—including criminal sanctions and reputational damage—are sufficient and to continue to impede her employment is not in the best interest of this family.
Ultimately, the purpose of this disposition is remedial, not punitive.
Accordingly, the court imposes the following DISPOSITIONAL TERMS:
1. Release D.J. (jointly with Respondent J.J.);
2. Release of N.G. to the NRF, Mr. G. Visits shall be supervised with the discretion to expand on notice to the AFC;
3. Six-month ACS supervision for A.T. with a suspended judgment scheduled to expire March 3, 2026, at which time the court will dismiss the petition contingent on full compliance. ACS shall provide progress reports every 30 days;
4. Comply w/ACS supervision including announced and unannounced visits with a limited order of protection that includes no corporal punishment against D.J. or N.G. be exercised;
5. Comply with reasonable referrals on notice to Respondent counsel and sign all necessary releases to confirm compliance;
6. Required services: anger management, parenting skills and individual therapy, preventive services, compliance with limited protection order.
The parties are directed to appear for a settlement conference on October 28, 2025, at 11AM in Part 8 on the following dockets: V-XXXXX-25/25A and 0-XXXXX-25, and V-XXXXX-25.
Dated: September 23, 2025
Bronx, NY
HON. ANGEL CRUZ, A.J.F.C.

Footnotes

Footnote 1: 1. Release of D.J. and comply with preventive services;

2. Comply with ACS supervision including announced and unannounced visits with a limited order of protection that states no corporal punishment against D.J.;

3. Comply with reasonable referrals on notice;
4. 3-month supervision- suspended judgment to expire November 3, 2025.