Matter of N.G. (Angelica T.)

2026 NY Slip Op 02198

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of N.G., and Another, Nonparty-Appellants, Children Under Eighteen Years of Age, etc., Angelica T., Respondent-Respondent, Administration for Children's Services, Petitioner-Appellant.

Decided and Entered: April 14, 2026

Docket No. N3439/25|Appeal No. 6366, M-1361 & M-1385|Case No. 2025-05931|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Muriel Goode-Trufant, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for ACS, appellant.

Karen D. Steinberg, New York, for respondent.

Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for children.

[*1]

Amended order of disposition, Family Court, Bronx County (Angel Cruz, J.), entered on or about September 23, 2025, which granted respondent mother a six-month suspended judgment, with automatic vacatur contingent upon her full compliance, unanimously reversed, on the law, without costs, the suspended judgment vacated, new dispositional orders entered continuing the subject child N.G.'s release to his father, releasing the subject child D.J. to respondent mother, and placing the mother under the Administration for Children' Service's supervision under both dispositional orders pursuant to Family Court Act § 1057, with the same conditions set forth in the amended order of disposition. Order of dismissal of the adjudication of neglect against the mother, same court and Judge, entered on or about March 4, 2026, unanimously vacated, without costs, the adjudication of neglect restored, and the appeal from the March 4, 2026, order dismissed as moot. The matter is remitted to the Family Court for further proceedings in accordance with this order.

In February 2025, ACS filed petitions alleging that the mother neglected the subject child N.G. and derivatively neglected the subject child D.J. The petitions were based, inter alia, on incidents in which the mother allegedly punched and slapped N.G. in the face, pushed him against a table, struck him in the back with an iPhone cable, and hit him with a folded belt, with the metal buckle exposed, causing bruising beneath his right eye. Her actions caused the child to feel unsafe around his mother and to be unwilling to return to her home. N.G. has resided with the non-respondent father since mid-February 2025.

On July 24, 2025, the mother consented to the entry of a finding of neglect and admitted to all of the allegations in the petition pursuant to Family Court Act § 1051(a). As of June 4, 2025, the mother was permitted agency- or approved resource-supervised visits at ACS's discretion. Despite this, no visits had taken place as of July 24. Two weeks later, on the motion of ACS, Family Court issued an order further restricting visits to agency-supervised only based on allegations that the mother had discussed the case with the child and that the approved supervisor was not present, in violation of the court's earlier orders.

On September 4, 2025, Family Court held a dispositional hearing and issued a decision on September 23, 2025. Over the objections of ACS and the children's attorney, Family Court granted the mother a suspended judgment, and provided that the petitions would be dismissed on March 3, 2026, contingent on the mother's compliance with ACS supervision until that date.

On or about March 4, 2026, before the appeal of the suspended judgment order had been heard by this Court, Family Court sua sponte vacated the neglect petition against the mother pursuant to the terms of the suspended judgment order. ACS filed a notice of appeal from this order.

[*2]

On March 12, 2026, the mother moved to dismiss both appeals as moot, in view of Family Court's vacatur of the neglect finding, and ACS moved to consolidate the appeals and decide both appeals on the existing briefing. For reasons discussed below, we grant the mother's motion to the extent of dismissing the appeal from the March 4, 2026, order and otherwise deny her motion; and we grant ACS's motion to consolidate the appeals and now decide them both.

The court abused its discretion in granting the mother a suspended judgment. A court should not vacate a neglect finding except upon a determination that doing so serves the child's best interests, including "consideration of a parent's ability to supervise a child and eliminate any threat of future abuse or neglect" (Matter of Tsoede L. [Kinisha B.], 198 AD3d 509, 510 [1st Dept 2021]). "[A]t its core, a suspended judgment affords a respondent the opportunity to correct his or her neglectful actions" (Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 10 [1st Dept 2017]). Courts considering whether to grant a suspended judgment should examine four factors: "(1) the respondent's prior child protective history; (2) the seriousness of respondent's offense; (3) respondent's remorse and acknowledgment of the abusive or neglectful nature of his or her act; and (4) respondent's amenability to correction, including compliance with court orders" (id. at 12 [internal quotation marks omitted]).

Here, Family Court failed to consider the second, third and fourth factors adequately. The trial court addressed the first factor by noting that the mother had no prior involvement with the child welfare system. As to the second factor, although the mother admitted inflicting excessive corporal punishment on N.G. on more than one occasion and causing him injury, Family court's decision does not acknowledge the seriousness of the mother's conduct.

[*3]

Family Court found portions of the mother's testimony to be "evasive and inconsistent." Nevertheless, the court found that she expressed sufficient remorse and acknowledgment of her neglectful actions against N.G. by stating that she felt "bad for . . . the way that he feels" and remorseful for "what my family has gone through." However, the mother's own testimony reveals that she failed to accept full responsibility for her actions or show true remorse or insight. Indeed, she continued to claim that she only hit N.G. with a cloth belt without a buckle on two occasions, that she had not caused the bruise on his face, and that, prior to that, she had only "spanked" him, despite having consented to a finding of neglect against her based on the truth of the allegations in the petition which directly contradict her claims. Moreover, as the court acknowledged, shortly before the dispositional hearing, it had ordered that the mother be limited to agency-supervised visits with N.G. because she had violated court orders by pressuring N.G. to discuss the case during visits. When asked how her own conduct had contributed to the child's request that visits be supervised, she testified that she was "not entirely sure." Accordingly, the record does not support a finding that the mother acknowledged or demonstrated remorse for her neglectful acts (see Tsoede L., 198 AD3d at 510), and Family Court's decision does not give adequate weight to her lack of remorse.

Finally, the court noted that the mother complied with court-ordered services by completing 15 sessions of combined parent education, anger management, and individual therapy. However, respondent's completion of court-ordered services without an acknowledgment of how her behavior affected the child and insight into her behavior is insufficient to merit a suspended judgment (see id.).

[*4]

Moreover, in its dispositional order, Family Court failed to meaningfully address the child's best interests at all. At the time that the court issued its dispositional order, the mother and child had had no visits between February 17, 2025, and July 2025 and only "a few" supervised visits in July and August 2025. Accordingly, Family Court had insufficient information on which to determine that a suspended judgment was in the child's best interests, which would have required it to consider whether the mother was able to care for him in a manner that would "eliminate any threat of future abuse or neglect" (Tsoede L., 198 AD3d at 510). Rather than addressing whether a suspended judgment was in the best interests of the child, the court improperly cited to its own research into online and print media reports about the criminal charges brought against the mother for her treatment of N.G. (Matter of State of New York v Richard V., 228 AD3d 109, 124 [1st Dept 2024]), and focused on the perceived impact of the neglect finding on the mother's career advancement and reputation, "broader public policy," and "the best interests of society" (see Matter of Aaliyah B. [Althea R.], 170 AD3d 712, 713 [2d Dept 2019]).

Accordingly, we vacate the suspended judgment, which, at the very least, is premature (see Matter of Daniella A. [Jessica A.], 153 AD3d 426 [1st Dept 2017]).

In view of our vacatur of the suspended judgment, Family Court's March 4, 2026, order vacating the neglect adjudication in accordance with the terms of the suspended judgment order is vacated, and the appeal from the March 4, 2026, order is dismissed as moot.

We have considered the remaining arguments and find them unavailing.

M-1361—Matter of N.G, et al.

Motion to dismiss appeals, granted to the extent that the appeal from Family Court's March 4, 2026, order is dismissed, and otherwise denied.

M-1385

Motion to consolidate appeals and decide them on the existing briefing, granted.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026